IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

MARCUS CHRISTOPHER YOUNG, #186204 *

    Petitioner,                                          *

    v.                                                      * CIVIL ACTION NO. 1:05-CV-247-TWO

BILLIE MITCHEM, WARDEN, *et al.*,         *

    Respondents.                                      *

_____

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Marcus Young on March 13, 2005. In this petition, Petitioner challenges his convictions for first degree robbery (two counts) and third degree escape entered against him by the Circuit Court for Houston County, Alabama, on March 1, 1996. The trial court sentenced Petitioner to 99 years imprisonment on each first degree robbery conviction and one year and one day on the escape conviction. On March 21, 1997 Petitioner's convictions were affirmed on direct appeal. Petitioner's application for rehearing was overruled as was his petition for writ of certiorari. The Alabama Court of Criminal Appeals issue a certificate of judgment on May 20, 1997.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28

U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[1]  Respondents contend that because Petitioner's convictions became final in 1997- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Respondents concede that Petitioner filed a Rule 32 petition with the trial court on June 20, 1997.  They argue, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner filing this federal habeas petition. (Doc. No. 9, pg. 8.); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

DISCUSSION

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  Petitioner was convicted of first degree robbery and third degree escape by the Circuit Court for Houston County, Alabama, on March 1, 1996.  Petitioner appealed his convictions and sentence.  The Alabama Court of Criminal Appeals

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

2

affirmed Petitioner's convictions on March 21, 1997. Petitioner's application for rehearing and petition for writ of certiorari were both overruled.  A certificate of judgment was issued on May 20, 1997. Petitioner did not further appeal his convictions.  By operation of law, Petitioner's 1996 convictions became final on August 19, 1997 -- ninety days after the Alabama Supreme Court's entry of judgment affirming the conviction -- as this is the date on which the time expired for Petitioner to file a petition for writ of certiorari with the United States Supreme Court.  *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).  Because Petitioner filed a Rule 32 petition on June 20, 1997, prior to his judgment becoming final, the one-year limitation period contained in section 2244(d)(1)(A) had not yet begun to run.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."   As noted, Petitioner filed a Rule 32 petition on June 20, 1997.  This petition remained pending in the state courts until October 20, 1998 when the Alabama Court of Criminal Appeals issued a certificate of judgment.   Thus, as of the aforementioned date,

Petitioner had the entire one-year limitation period remaining within which to file a federal habeas petition. The court, therefore, concludes that the time allowed Petitioner for the filing of a federal habeas petition expired on October 20, 1999.

The petitioner filed his federal habeas petition on March 13, 2005, more than four years after the federal limitation period under § 2244(d)(1) expired.[2] Thus, under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before May 25, 2005 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 5th day of May.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the present petition was stamped "filed" in this court on March 16, 2005, the petition was executed and signed by Petitioner on March 13, 2005. Consequently, March 13, 2005 is deemed the date of filing. *See Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).