IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

MARCUS CHRISTOPHER YOUNG, #186204 *

      Petitioner,               *

      v.                     * CIVIL ACTION NO. 1:05-CV-247-T
                                      WO

BILLIE MITCHEM, WARDEN, *et al.*,    *

      Respondents.          *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Marcus Young on March 13, 2005.  In this petition, Petitioner challenges his convictions for first degree robbery (two counts) and third degree escape entered against him by the Circuit Court for Houston County, Alabama, on March 1, 1996.   The trial court sentenced Petitioner to 99 years imprisonment on each first degree robbery conviction and one year and one day on the escape conviction.  On March 21, 1997 Petitioner's convictions were affirmed on direct appeal.  Petitioner's application for rehearing was overruled as was his petition for writ of certiorari.  The Alabama Court of Criminal Appeals issue a certificate of judgment on  May 20, 1997.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28

U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[1]  Respondents contend that because Petitioner's convictions became final in 1997- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Respondents concede that Petitioner filed a Rule 32 petition with the trial court on June 20, 1997.  They argue, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner filing this federal habeas petition.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law governing § 2254 petitions, the undersigned concludes that the instant application for habeas relief should be denied as it is filed outside the applicable limitations period.

DISCUSSION

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  Petitioner was convicted of first degree robbery and third degree escape by the Circuit Court for Houston County, Alabama, on March 1, 1996. Petitioner appealed his convictions and sentence.  The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on March 21, 1997. Petitioner's application for rehearing

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

and petition for writ of certiorari were both overruled.  A certificate of judgment was issued on May 20, 1997. Petitioner did not further appeal his convictions.  By operation of law, Petitioner's 1996 convictions became final on August 19, 1997 -- ninety days after the Alabama Supreme Court's entry of judgment affirming the convictions -- as this is the date on which the time expired for Petitioner to file a petition for writ of certiorari with the United States Supreme Court.  *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).  Because Petitioner filed a Rule 32 petition on June 20, 1997, prior to his judgment becoming final, the one-year limitation period contained in section 2244(d)(1)(A) had not yet begun to run.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  As noted, Petitioner filed a Rule 32 petition on June 20, 1997.  This petition remained pending in the state courts until October 20, 1998 when the Alabama Court of Criminal Appeals issued a certificate of judgment.  Thus, as of the aforementioned date, Petitioner had the entire one-year limitation period remaining within which to file a federal

habeas petition.  The court, therefore, concludes that the time allowed Petitioner for the filing

of a federal habeas petition expired on October 20, 1999.  Petitioner filed his federal habeas

petition on March 13, 2005, more than four years after the federal limitation period under §

2244(d)(1) expired.[2]

The limitation period "may be equitably tolled" on grounds apart from those specified

in the habeas statute "when a movant untimely files because of extraordinary circumstances

that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*,

177 F.3d 1269, 1271 (11th Cir. 1999).  "Equitable tolling can be applied to prevent the

application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked

to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y*

*for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d

1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286

(11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly

rests with the petitioner."  *Id.*

On May 5, 2005 the court granted Petitioner twenty-one days to show cause why his

federal habeas petition should not be denied as it was not filed within the one-year limitation

period   prescribed   by   28   U.S.C.   §   2244(d)(1).    As   of   the   signature   date   of   this

---

[2]Although the present petition was stamped "filed" in this court on March 16, 2005, the petition was executed and signed by Petitioner on March 13, 2005.  Consequently, March 13, 2005  is deemed the date of filing.  *See Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

Recommendation, Petitioner has filed no response.  Consequently, the undersigned finds no basis upon which to extend the one-year deadline and that Petitioner has not demonstrated that his claims should otherwise be subject to equitable tolling.  *See Sandvik*, 177 F.3d at 1271 (tolling is appropriate where "extraordinary circumstances that are both beyond [petitioner's] control and unavoidable even with diligence" exist).

CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that  the petition for habeas corpus relief be denied and dismissed with prejudice as time-barred.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 28, 2005**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

5

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of June, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

6