IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

MARCUS CHRISTOPHER YOUNG,     *
#186204

      Petitioner,                 *

      v.                        * CIVIL ACTION NO. 1:05-CV-247-T
                                        (WO)

BILLIE MITCHEM, WARDEN, *et al.*,    *

      Respondents.           *

_____

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

     On July 21, 2005 Petitioner filed objections to the June 16, 2005 Recommendation of the Magistrate Judge that his 28 U.S.C. § 2254 petition for habeas corpus relief be denied and dismissed with prejudice as time-barred. (Doc. No. 16.)  Upon thorough review of this pleading, the court concludes that Petitioner's objections are without merit.  In the interest of justice, however, the court deems it appropriate to supplement its previous Recommendation in light of the "actual innocence" contention raised by Petitioner in his objections.

DISCUSSION

     In his objections, Petitioner argues that he is entitled to equitable tolling of the limitation period because he is actually innocent of the crimes for which he stands convicted. (Doc. No. 16.)  In support of his argument, Petitioner asserts that the trial transcripts show that the testimony of the victim reflect that he identified "some one else at trial" by the name of Jerick Snell at a picture line up, at juvenile court, and at trial.  (*Id*.)  According to

Petitioner, Snell "was arrested several days later after petitioner's arrest, robbing some one else in the same location that petitioner was charged for robbing, and was caught with the same caliber gun the victim[] in my case said was used to rob them." (*Id*.) The court understands Petitioner's actual innocence argument as advancing a claim that his conviction is the result of mistaken identity.

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court held:

> To be credible, . . . a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324.

Here, the court finds that Petitioner presents only vague, self-serving, and conclusory allegations that he is actually innocent of the crimes for which he was convicted, and that the evidence was, therefore, insufficient to support these convictions.  Notwithstanding his assertion of actual innocence, however, as the court noted in its June 16, 2005 Recommendation, Petitioner waited more than four years after the grace period under 28 U.S.C. § 2244(d) expired before presenting his federal claims despite the fact that he has possessed all the evidence on which he currently relies since March 1, 1996 when the Circuit Court for Houston County, Alabama entered judgment against him on his convictions and sentence for first degree robbery and third degree escape.  Petitioner has submitted no "new reliable evidence" to support his claims;  nor has he suggested that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*.  His mere

contention that he is  actually innocent of the crimes for which he was convicted is not supported by the record or any credible evidence.  The court, therefore, concludes that Petitioner has failed to demonstrate his actual innocence.

CONCLUSION

In light of the foregoing,  it is the SUPPLEMENTAL RECOMMENDATION of the Magistrate Judge that:

1. Petitioner's objections to the  the June 16, 2005 Recommendation of the Magistrate Judge be OVERRULED; and

2.  The June 16, 2005 Recommendation of the Magistrate Judge that Petitioner's application for habeas corpus relief be denied and dismissed with prejudice as time-barred be ADOPTED by this court.

 It is further

ORDERED  that  the  parties  are  DIRECTED  to  file  any  objections  to  said Supplemental Recommendation on or before **August 15, 2005**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Supplemental Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Supplemental Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 2nd day of August, 2005.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE